**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

OMAR GALDAMEZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No. 14-71676

Agency No. A094-321-211

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2017
San Francisco, California

Before: BERZON and CLIFTON, Circuit Judges and GARBIS,** Senior District
Judge.

Omar Galdamez ("Galdamez"), a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
\*\* The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

Galdamez challenges the BIA's determination that he failed to establish eligibility for asylum, withholding of removal, and relief under the CAT. Specifically, Galdamez argues that (1) the BIA erred in finding that he failed to demonstrate membership in a cognizable social group and (2) he is eligible for relief because he was persecuted on account of his political opinion, neutrality.

The proposed social groups presented to the BIA are not cognizable under the law.  The BIA's articulation of the particularity and social distinction requirements for cognizable social groups is entitled to *Chevron* deference.  *See Reyes v. Lynch*, 842 F.3d 1125, 1129 (9th Cir. 2016).   Here, the BIA's interpretation of the requirements as they pertain to Galdamez's proposed social group, "Salvadoran young men who refuse to join a criminal organization," was both reasonable and consistent with our precedent.[1]  In *Barrios v. Holder*, we held that the proposed social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities" lacked the requisite particularity and social visibility to be cognizable.

---

[1] We note that Galdamez did not offer any evidence to the IJ or BIA regarding the contention that gang insignia or tattoos are so prevalent in El Salvador that their absence defines a particular social group, or is otherwise relevant to the social group inquiry.

581 F.3d 849, 854-55 (9th Cir. 2009). We similarly concluded that "young Honduran men who have been recruited by the MS-13, but who refuse to join" did not constitute a particular social group. *Ramos-Lopez v. Holder*, 563 F.3d 855, 856 (9th Cir. 2009) *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 741, 746 (9th Cir. 2008) (holding that "the class of young men in El Salvador who resist the violence and intimidation of gang rule" does not constitute a particular social group), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d 1081. In addition, substantial evidence supports the BIA's conclusion that Galdamez failed to establish eligibility for asylum based on membership in his family. *See Santos-Lemus*, 542 F.3d at 743-44. The evidence he provided to support his claim was insufficient to show that the persecution he faced, or will face, was plausibly on account of his family membership. *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1029 (9th Cir. 2004).

Galdamez's contention that he is eligible for asylum on account of his political expression of neutrality was raised for the first time on appeal. Our review of this issue is thereby precluded given that Galdamez did not exhaust his administrative remedies before the IJ and BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron*

3

*v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004).

Lastly, Galdamez failed to demonstrate his eligibility both for withholding of removal and for relief under the CAT. By failing to demonstrate his eligibility for asylum, Galdamez also failed to meet the higher burden required for withholding of removal. 8 C.F.R. § 1208.16; *see Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004). Furthermore, Galdamez is ineligible for relief under the CAT because the record does not compel the conclusion that Galdamez was, or will be, tortured in El Salvador at the instigation of, or with the acquiescence of the government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008); *Kamalthas v. INS*, 251 F.3d 1279, 1282-83 (9th Cir. 2001).

**PETITION DENIED IN PART AND DISMISSED IN PART.**